IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CASE NO:** |
| | : | **7:23-CR-65 WLS-ALS-15** |
| **WILLIE HENRY KEELEY,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **ORDER**

      Presently before the Court is Defendant Keeley's Motion for Release from Custody and Continuation of Pre-Trial Release (Doc. 672) ("Motion for Release"). In addition, the Court must determine whether Defendant Willie Henry Keeley ("Keeley") is competent to proceed with his case.

      On October 23, 2024, the Court ordered a mental health evaluation of Defendant Keeley. On January 29, 2025, the Court received the Forensic Evaluation of Kristina P. Lloyd, a Licensed Clinical Psychologist with the Federal Bureau of Prisons (Doc. 704) ("Evaluation Report"), in which Dr. Lloyd concludes that Keeley is competent to proceed with his case.

      At the time the Evaluation Order was entered, Keeley was free on a bond pending trial. In his Motion for Release Keeley requests the Court order that upon his return to the Middle District of Georgia that Keeley be released from federal custody, and that such release be under the same terms as his original pre-trial release. Keeley's counsel, Joshua C. Bell, represents that the Government does not object to the Motion for Release. The Court has been notified that Defendant Keeley arrived back in the Middle District of Georgia on February 6, 2025, and is currently detained at the Irwin County Detention Center. (*See* Doc. 706).

      By Order (Doc. 705) entered February 3, 2025, the Court notified the Parties that prior to releasing Keeley, and as agreed to by the Parties, the Court needed to consider whether a competency hearing is required or desired by either Party. On February 6, 2025, counsel for Defendant Keeley filed a Response to Court Order (Doc. 707) ("Response"), notifying the Court that Defendant Keeley and the Government, through counsel, have conferred and that neither party requests nor desires a competency hearing. (*See* Doc. 707 ¶ 1). Mr. Bell further

notified the Court that he "believes that a change of plea hearing should be scheduled but requests time to confer with the Defendant to confirm." (Doc. 707 ¶ 2).

Pursuant to 18 U.S.C. § 4241(a) the Court is required to hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." In her Evaluation Report, Dr. Lloyd concluded that Keeley is competent to proceed with his case, and neither Party desires nor requests such a hearing.[1]

Based on the statements of the Parties as represented in the Response (Doc. 707) and the Court's independent review and consideration of the Evaluation Report regarding Keeley's competency, the Court finds that a hearing as to Keeley's competency is not necessary. The Court further finds that Keeley is capable of assisting his counsel and that Keeley is competent to stand trial or to enter into a change of plea if he so chooses.

Accordingly, Defendant Keeley's Motion for Release from Custody and Continuation of Pre-Trial Release (Doc. 672) is **GRANTED**, Defendant Keeley is hereby **ORDERED** released pending trial, upon the same conditions set forth in the Order (Doc. 177) entered August 17, 2023, or as otherwise ordered by the Court.

It is further **ORDERED** that absent notification from the Defendant Keeley that his change of plea hearing should be rescheduled, Keeley's case shall be included in cases scheduled for Trial Two in Case No. 7:23-cr-65 WLS-ALS-15. A separate order shall be entered at the appropriate time providing notice of the pretrial conference and anticipated trial date for the commencement of Trial Two in this matter.

**SO ORDERED**, this 7th day of February 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] *See United States v. Lewis*, No. 2:16-CR-12-8, 2016 WL 7242573, at *3 (S.D. Ga. Oct. 18, 2016), *report and recommendation adopted*, No. 2:16-CR-12, 2016 WL 7256982 (S.D. Ga. Dec. 14, 2016) ("a court need not hold a competency hearing if no reasonable question of competency exists after a psychological evaluation") (citing *United States v. Kerr*, 752 F.3d 206, 216 (2d Cir. 2014) (after receiving results of court-ordered psychological evaluation, trial court was "well within its discretion" to not conduct hearing on defendant's competency before accepting defendant's plea of guilty); *United States v. Gillette*, 738 F.3d 63, 77 (3d Cir. 2013) (rejecting defendant's argument that § 4241 always contemplates that a competency hearing be held where a court has ordered a psychological evaluation).